Nov. Term,
1845.

STEVENS
v.
LODGE.

*W. J. Peaslee, J. Morrison*, and *S. Major*, for the plaintiff.

---

STEVENS *v.* LODGE.

The goods of a stranger found on demised premises are liable to be distrained for rent, unless they be such as are specially exempted by the common law, or by the statute regulating distress for rent.

Goods were mortgaged by a tenant of real estate to a stranger, and were left in the former's possession on the premises by an agreement in the mortgage. *Held*, that the facts that the mortgage was recorded, and that the landlord had made no objection to the goods remaining on the premises, were no evidence that the goods were on the premises with the landlord's consent.

The landlord's claim on goods distrained on demised premises is not limited to one year's rent.

Friday,
January 2,
1846.

ERROR to the *Jefferson* Circuit Court.

BLACKFORD, J.—This was a trial of the right of property under the 9th section of the act of 1838, regulating distress for rent. The cause was submitted to the Court on an agreed case. The material facts are as follows:

*George Fitzhugh* is tenant of certain premises called *The Madison Hotel* under *Lodge* the defendant, and was such tenant from the 1st of *February*, 1837, to the 1st of *February*, 1842, at an annual rent of 500 dollars. On the 1st of *February*, 1842, there was a balance of the rent unpaid of 1,128 dollars. In *April*, 1842, *Lodge* procured a warrant of

distress, &c., by virtue of which certain personal property, consisting of horses, carriages, household and kitchen furniture, &c., found upon said premises, was distrained for the rent due as aforesaid. The said *George Fitzhugh* and one *George D. Fitzhugh*, on the 1st of *January*, 1840, mortgaged a part of the property distrained to *Stevens*, the plaintiff, to secure the payment of a just debt on the 1st of *January*, 1841. *George Fitzhugh* was, by an agreement in the mortgage, to continue in possession of the property and use the same, for a reasonable rent, until the debt became due. This mortgage, after being acknowledged, was recorded on the 13th of *January*, 1840. On the 19th of *June*, 1841, the mortgagors aforesaid executed another mortgage to *Stevens* to secure said debt. This mortgage recites the first one, extends the time for the payment of the debt until the 19th of *June*, 1842, and embraces the property first mortgaged and the residue of the property distrained. It gives the mortgagors leave to possess and use the property described in both mortgages until the 19th of *June*, 1842, for a reasonable rent. This mortgage being acknowledged, was recorded on the 10th of *July*, 1841.

The Circuit Court, upon the above facts, gave judgment that the property in question was subject to the distress.

The plaintiff contends that the goods were not liable to the distress, because they did not belong to the tenant. The common law on the subject is certainly against him. He relies, however, on the 5th, 8th, 9th, and 12th sections of the act regulating distress for rent. R. S. 1838, p. 472. The 5th section has reference only to the landlord's claim for rent, when his tenant's goods are taken in execution. The 8th section only provides for the distraining of the tenant's cattle and stock, and of corn, grass, &c., growing on the premises. Those sections, therefore, cannot affect the case. The 9th section provides for a trial of the right of property distrained, when claimed by a stranger. As there are many cases, not only by the common law, but also by the statute above cited, where a stranger has a right to his property when distrained for rent on the demised premises, it must be presumed that the 8th section was intended to provide for such cases. The 12th section, we think, instead of supporting the plaintiff's

Nov. Term,
1845.

STEVENS
v.
LODGE.

position, is against it. This section does not attempt to destroy the general rule, by which a stranger's goods are subject to distress for rent if found on the demised premises, but only enumerates various exceptions to it. It states that personal property deposited with a tenant with the consent of the landlord, or hired by such tenant or lent to him with the like consent, shall not be distrained for any rent due to such landlord, nor shall any other property belonging to any other person than the tenant, which shall have accidentally strayed on the demised premises, or which shall be deposited with a tavernkeeper, or keeper of a boarding-house, or with the keeper of any warehouse, in the usual course of business, or deposited with a mechanic or other person for the purpose of being repaired or manufactured, be subject to distress or sale for rent. It appears to us that this section of the statute, by enumerating and declaring these cases of exemption, clearly recognizes the existence of the general rule to which we have referred.

The plaintiff further contends, that as the defendant had, by the record, notice of the mortgages and made no objection, the goods must be considered to be on the premises with the defendant's consent. This argument is untenable. The facts relied on are no evidence, in our opinion, that the defendant consented that the goods should be on the premises.

The last point urged by the plaintiff is, that the goods, if liable at all, were liable only for one year's rent. The plaintiff must be wrong in this. There is nothing in the common law or in the statute, which thus limits the demand for rent. The provision in the statute, that the landlord's claim, where his tenant's goods are taken in execution, shall not exceed one year's rent, has no application to the case of a distress.

The goods distrained in this case having been found on the demised premises, and not being such as are exempt from distress for rent, either by the common law or by statute, were liable to the warrant of distress.

*Per Curiam.*—The judgment is affirmed with costs.

*S. C. Stevens*, for the plaintiff.

*M. G. Bright*, for the defendant.